UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA

      V.                              CRIMINAL NO.99-10383-02-JLT

**MAURICE PAYNE**                ATTORNEY: Michael C. Bourbeau, Esq.
True Name: Maurice R. Payne, Jr.
a/k/a Jakel Strickley

<u>JUDGMENT IN A CRIMINAL CASE</u>


THE DEFENDANT PLEADED GUILTY TO COUNTS: 1,2 & 3.

COUNTS: Original and Superceding Indictment ARE DISMISSED ON THE MOTION OF THE UNITED STATES.

ACCORDINGLY, THE DEFENDANT IS ADJUDGED GUILTY OF SUCH COUNT(S), WHICH INVOLVED THE FOLLOWING OFFENSES:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNTS |
|---|---|---|---|
| 21 U.S.C. Sec. 843 (b) | Use of Communication Facility in Drug Transaction | 3/24/98 | 1,2,3 |

THE DEFENDANT IS SENTENCED AS PROVIDED IN PAGES 2 THROUGH 4 OF THIS JUDGMENT. THE SENTENCE IS IMPOSED PURSUANT TO THE SENTENCING REFORM ACT OF 1984.

IT IS ORDERED THAT THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $300 FOR COUNTS 1,2, & 3 WHICH SHALL BE DUE IMMEDIATELY.

IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL NOTIFY THE UNITED STATES ATTORNEY FOR THIS DISTRICT WITHIN 30 DAYS OF ANY CHANGE OF NAME, RESIDENCE OR MAILING ADDRESS UNTIL ALL FINES, RESTITUTION, COSTS AND SPECIAL ASSESSMENTS IMPOSED BY THIS JUDGMENT ARE FULLY PAID.

DEFENDANT'S SOC.SEC. NO. 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        U.S. MARSHAL NO. 22906-038

DEFENDANT'S DATE OF BIRTH: 7/20/68        FBI No. 647151JB9

DATE SENTENCE IMPOSED: 2/27/01

DEFENDANT'S MAILING ADDRESS: Plymouth County House of Correction, Plymouth, MA.

DEFENDANT'S RESIDENCE ADDRESS: Same


JOSEPH L. TAURO,
_____
U.S. DISTRICT JUDGE
DATED: 3/8/01

DEFENDANT:    MAURICE PAYNE                             PAGE__2__OF 4__

CRIMINAL NO.:  CR 99-10383-02-JLT

## IMPRISONMENT

THE DEFENDANT IS HEREBY COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF:___120 MONTHS.
(Credit for time served since arrest).

_X_ THE COURT MAKES THE FOLLOWING RECOMMENDATION TO THE BUREAU OF PRIS ONS:

___THAT THE DEFENDANT PARTICIPATE IN THE 500 HOUR DRUG TREATMENT PROGRAM.

_X_ THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

_____THE DEFENDANT SHALL SURRENDER TO THE UNITED STATES MARSHAL FOR THIS DISTRICT AT_____AM/PM ON_____.

_____AS NOTIFIED BY THE UNITED STATES MARSHAL.

__THE DEFENDANT SHALL SURRENDER FOR SERVICE OF SENTENCE AT THE INSTITUTION DESIGNATED BY THE BUREAU OF PRISONS,

_____BY NOON ON_:  _____.

_____AS NOTIFIED BY THE UNITED STATES MARSHAL.

_____AS NOTIFIED BY THE PROBATION OFFICE.

## RETURN

I HAVE EXECUTED THIS JUDGMENT AS FOLLOWS: _____

_____
_____
_____

DEFENDANT DELIVERED ON_____TO_____
AT_____WITH A CERTIFIED COPY OF THIS JUDGMENT.

                                        _____
                                        UNITED STATES MARSHAL

                                        BY:_____
                                            DEPUTY MARSHAL

DEFENDANT:    MAURICE PAYNE                                PAGE 3 OF 4
CRIMINAL NO.:  CR 99-10383-02-JLT

## SUPERVISED RELEASE

UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT SHALL BE ON SUPERVISED RELEASE FOR A TERM OF: 1 YEAR.

WHILE ON SUPERVISED RELEASE, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME, SHALL NOT ILLEGALLY POSSESS A CONTROLLED SUBSTANCE. THE DEFENDANT ALSO SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT (SET FORTH BELOW). IF THIS JUDGMENT IMPOSES A RESTITUTION OBLIGATION, IT SHALL BE A CONDITION OF SUPERVISED RELEASE THAT THE DEFENDANT PAY ANY SUCH RESTITUTION THAT REMAINS UNPAID AT THE COMMENCEMENT OF THE TERM OF SUPERVISED RELEASE. THE DEFENDANT SHALL COMPLY WITH THE FOLLOWING ADDITIONAL CONDITIONS:

_X_ THE DEFENDANT SHALL REPORT IN PERSON TO THE PROBATION OFFICE IN THE DISTRICT TO WHICH THE DEFENDANT IS RELEASED WITHIN 72 HOURS OF RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS.

_X_ THE DEFENDANT SHALL NOT POSSESS A FIREARM OR DESTRUCTIVE DEVICE.

### STANDARD CONDITIONS OF SUPERVISION

WHILE THE DEFENDANT IS ON SUPERVISED RELEASE PURSUANT TO THIS JUDGMENT, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME. IN ADDITION:

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:    MAURICE PAYNE                               PAGE 4 OF 4
CRIMINAL NO.: CR 99-10383-02-JLT

## STATEMENT OF REASONS

___ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRE-SENTENCE REPORT.

                                    OR

_X___ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRE-SENTENCE REPORT EXCEPT:


GUIDELINE RANGE DETERMINED BY THE COURT:

   TOTAL OFFENSE LEVEL: 25

   CRIMINAL HISTORY CATEGORY: 6

   IMPRISONMENT RANGE: 110 MONTHS TO 137 MONTHS

   SUPERVISED RELEASE: 1 year

   FINE RANGE: $12,500 to $125,000


_X___ Fine is waived or is below the guideline range, because of the defendant's inability to pay.


   RESTITUTION: N/A

___Full restitution is not ordered for the following reason(s):


_____The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.
                                    OR

___The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):
                                    OR

_X___ The sentence departs from the guideline range


_ upon motion of the government, as a result of defendant's substantial assistance.


_Or_

_X_ Application of 5K.2